*United States v. Grant*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand twenty-six.

PRESENT:

> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                No. 25-1699

CHEVON GRANT,

> *Defendant-Appellant.*

_____

For Defendant-Appellant:        ROBERT J. SULLIVAN, JR., Law Offices of Robert Sullivan, Bridgeport, CT.

For Appellee:        ROBERT S. DEARINGTON (Conor M. Reardon, *on the brief*), Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Kari A. Dooley, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 26, 2025 judgment of the district court is **AFFIRMED**.

Chevon Grant appeals from a judgment of conviction following his plea of guilty to unlawfully possessing a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), for which he was sentenced to thirty-seven months' imprisonment.[1]   On appeal, Grant argues that section 922(g)(1) is unconstitutional both facially and as applied to him in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*,

---

[1] Although Congress moved the penalty provision for violations of section 922(g) from section 924(a)(2) to section 924(a)(8) in 2022, *see* Pub. L. No. 117–159, § 12004, 136 Stat. 1313, 1329, the indictment correctly charged Grant pursuant to the prior statute since his relevant conduct occurred before the 2022 amendment.

597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

We review challenges to the constitutionality of a statute *de novo*. *See United States v. Concepcion*, 139 F.4th 242, 248 (2d Cir. 2025). Applying that standard, we reject Grant's argument. In *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025), *cert. denied*, No. 25-269, 2026 WL 135708 (U.S. Jan. 20, 2026), we held that section 922(g)(1) does not violate the Second Amendment and is not subject to as-applied challenges, *see id.* at 91–96. And since issuing *Zherka* last year, we have consistently rebuffed challenges like Grant's. *See, e.g.*, *United States v. Gonzalez*, No. 24-1539, 2025 WL 2327335, at *1 (2d Cir. Aug. 13, 2025); *United States v. Dancy*, No. 25-257, 2026 WL 1076903, at *1 (2d Cir. Apr. 21, 2026).

Though Grant contends that *Zherka* "should not determine the outcome of this case," Br. for Appellant at 2, he offers no meaningful basis for distinguishing between his case and that one. He merely argues that *Zherka* was both wrongly decided and premised on a misreading of the Supreme Court's prior holdings in *Bruen* and *Rahimi*. But Grant's dissatisfaction with the panel's reasoning in *Zherka* is of no moment, since "[p]ublished panel decisions like [*Zherka*] are binding on

3

future panels unless they are reversed *en banc* or by the Supreme Court."   *United States v. Afriyie*, 27 F.4th 161, 168 (2d Cir. 2022) (internal quotation marks omitted). Consequently, Grant's challenge fails for the same reasons as those set forth in *Zherka*.[2]

<center>*   *   *</center>

We have considered Grant's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left: 40%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court
</div>

---

[2] Just last week, the Supreme Court's decided *United States v. Hemani*, which held that 18 U.S.C. § 922(g)(3)'s categorical prohibition on the possession of firearms by unlawful users of controlled substances was unconstitutionally broad.   *See* No. 24-1234, 2026 WL 1751710, at *6 (U.S. June 18, 2026).   But that decision does not abrogate *Zherka*, which remains good law.   Indeed, contrary to Grant's argument that *Hemani* undermines *Zherka*, the Supreme Court expressly noted that "nothing in our opinion should be taken to cast doubt" on the constitutionality of section 922(g)(1).   *Id*. at *10 n.6 (internal quotation marks omitted).